UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Jose Toruno,
and other similarly
situated individuals,

    Plaintiff(s),

v.

American Builders, LLC
Marcelo E. Arguello, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Jose Toruno and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants American Builders, LLC and Marcelo E. Arguello, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Jose Toruno is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant American Builders, LLC (from now on American Builders, or Defendant) is a Florida Limited Liability Company. Defendant has a place of business in Miami-Dade

County within this Honorable Court Jurisdiction. Defendant was and is engaged in interstate commerce.

4. The individual Defendant, Marcelo E. Arguello, was and is now the owner/partner/officer and manager of Defendant corporation American Builders. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Miami-Dade County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Jose Toruno as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2022, (the "material time") without being adequately compensated.

7. Defendant American Builders was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction and roofing company that provides services to commercial and residential clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize

credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

8. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

9. Defendants American Builders and Marcelo E. Arguello employed Plaintiff Jose Toruno as a non-exempted, full-time construction laborer from approximately January 13, 2022, to January 01, 2023, or 53 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 45 weeks (Plaintiff was absent for approximately eight weeks after suffering an injury at the workplace).

10. During the relevant period, Plaintiff performed as a construction worker, and he was paid an hourly rate of $16.00

11. While employed by Defendants, Plaintiff worked five days per week. From Monday to Thursday, he worked from 8:00 AM to 5:30 PM (9.5 hours daily). On Friday, Plaintiff worked from 8:00 AM to 4:30 PM, or a total of 46.5 hours weekly. Plaintiff was unable to take bonafide lunch hours.

12. Plaintiff was paid 44 hours weekly at his regular rate. The remaining 2.5 overtime hours were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

13. Plaintiff did not clock in and out, but he signed timesheets that did not have in and out hours. They show only Plaintiff's name. Defendants were in absolute control of Plaintiff's

schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

16. On or about September 19, 2022, Plaintiff suffered an injury and was absent for about eight weeks. Plaintiff returned to work on or about December 01, 2022. Plaintiff was fired on or about January 20, 2023, because he filed a Petition for Benefits under Workers Compensation Law.

17. At the time of his termination, Defendants did not pay Plaintiff his wages corresponding to his last day of work with 8.5 working hours, or $136.00 ($16.00 x 8.5 hours=$136.00).

18. At times mentioned, individual Defendant Marcelo E. Arguello was, and is now, the owner/partner/and manager of American Builders. Defendant Marcelo E. Arguello was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in American Builders' interests concerning its employees, including Plaintiff and others similarly situated. Defendant Marcelo E. Arguello had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

19. Plaintiff Jose Toruno seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his employment, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

20. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

21. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

22. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

23. Plaintiff Jose Toruno re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff Jose Toruno as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2022, (the "material time") without being adequately compensated.

25. Defendants American Builders and Marcelo E. Arguello employed Plaintiff Jose Toruno as a non-exempted, full-time construction laborer from approximately January 13, 2022, to January 01, 2023, or 53 weeks. However, for FLSA purposes, Plaintiff's relevant employment period is 45 weeks (Plaintiff was absent for approximately eight weeks after suffering an injury while working).

26. During the relevant period, Plaintiff performed as a construction worker, and he was paid an hourly rate of $16.00.

27. While Plaintiff was employed by Defendants, he worked five days per week, a total of 46.5 hours weekly. Plaintiff was unable to take bonafide lunch hours.

28. Plaintiff was paid 44 hours weekly at his regular rate. The remaining 2.5 overtime hours were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

29. Plaintiff did not clock in and out, but he signed timesheets that did not have in and out hours. They showed only Plaintiff's name. Defendants were in absolute control of Plaintiff's schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

30. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Plaintiff was paid in cash, without paystubs providing accurate information such as the number of days and hours worked and wage rate paid, employee taxes withheld, etc.

32. Plaintiff was fired on or about January 01, 2022, after he filed a Petition for Benefits under Workers' Compensation law.

33. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

34. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

35. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. Total amount of alleged unpaid O/T wages:

    Four Thousand One Hundred Forty Dollars and 00/100 ($4,140.00)

    b. Calculation of such wages:

    Total period of employment: 53 weeks
    Relevant weeks of employment: 45 weeks
    Total number of hours worked: 46.5 hours weekly
    Total number of unpaid O/T hours: 6.5 O/T hours
    Hourly rate: $16.00 x 1.5=$24.00 O/T rate
    O/T rate: $24.00-$16.00 O/T rate paid=$8.00 O/T difference
    Half-time: $8.00 an O/T hour

    1.- Unpaid half-time O/T for 4 hours paid at regular rate

    Half-time $8.00 x 4 O/T hours=$32.00 weekly x 45 weeks=$1,440.00

    2.- Overtime for 2.5 hours paid at $0.00

    O/T $24.00 x 2.5 O/T hours=$60.00 weekly x 45 weeks=$2,700.00

    Total #1 and #2: $4,140.00

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid half-time overtime wages.[1]

36. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

37. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

38. Defendants American Builders and Marcelo E. Arguello willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Jose Toruno and those similarly situated respectfully request that this

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

Honorable Court:

A. Enter judgment for Plaintiff Jose Toruno and other similarly situated individuals and against the Defendants American Builders and Marcelo E. Arguello based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Jose Toruno actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Jose Toruno demands a trial by a jury of all issues triable as of right by a jury.

Date:  February 28, 2023

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*